IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darren Hoffman,                 :
               Petitioner     :
                           :
         v.                   : No.  359 C.D. 2023
                           : Submitted:  February 6, 2024
City of Philadelphia          :
(Workers' Compensation      :
Appeal Board),             :
            Respondent   :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  March 19, 2024


Darren Hoffman (Claimant) petitions for review of the March 20, 2023 order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision to grant the City of Philadelphia's (Employer) petition to modify Claimant's total disability benefits to partial disability based on an impairment rating evaluation (IRE) performed pursuant to Section 306(a.3) of the Workers' Compensation Act,[1] added by the Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. § 511.3, which is commonly known as Act 111 of 2018 (Act 111).   Claimant argues Act 111 violates the Remedies Clause of the

---

[1]  Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Pennsylvania Constitution and creates an unconstitutional delegation of legislative authority. Upon review, we affirm.

## I.      Background & Analysis

The parties do not dispute the facts of this case. "On November 9, 2016, Claimant sustained a work-related injury to his right thumb and right upper extremity in the course of his employment with [Employer]." Reproduced Record (R.R.) at 40a. On October 14, 2021, Lynn Yang, M.D. (Dr. Yang), who is board certified in physical medicine and rehabilitation, conducted an examination of Claimant. *Id.* at 21a. Dr. Yang opined that Claimant had a whole-person impairment rating of 10% based on the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), Sixth Edition. *Id.* at 21a-22a.

Based on Dr. Yang's determination, Employer filed a modification petition. After a hearing, at which Claimant did not present any evidence in opposition to Employer's modification petition but preserved constitutional challenges to Act 111, the WCJ modified Claimant's total disability benefits to partial disability. R.R. at 22a-24a. Claimant appealed to the Board, and the Board affirmed the WCJ's decision. *See id.* at 38a-44a.

Claimant now appeals to this Court. On appeal, Claimant argues the Board erred because: (1) retroactive application of Act 111 to work injuries that occurred before Act 111's effective date violates the Remedies Clause[2] of the Pennsylvania

---

[2]   Article I, section 11 of the Pennsylvania Constitution, known as the Remedies Clause, states, in relevant part:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

Pa. Const. art. I, § 11.

Constitution, and (2) Act 111 constitutes an unconstitutional delegation of legislative authority. *See* Petitioner's Br. at 4.

Claimant's arguments on appeal have already been reviewed and rejected by this Court in precedential decisions. *See e.g.*, *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021) (Act 111 does not violate the Remedies Clause of the Pennsylvania Constitution or constitute unconstitutional delegation of legislative authority); *Pa. AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd per curiam*, (Pa., No. 88 MAP 2019, filed August 18, 2020) (Act 111 does not constitute an unlawful delegation of legislative authority). Accordingly, we follow our precedential decisions and reject Claimant's arguments on appeal.

## II. Conclusion

For the reasons set forth above, we affirm the Board's order.

_____
STACY WALLACE, Judge

3

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darren Hoffman,            :
           Petitioner     :
           :
     v.             : No.  359 C.D. 2023
           :
City of Philadelphia        :
(Workers' Compensation     :
Appeal Board),         :
           Respondent   :

# **O R D E R**

**AND NOW**, this 19th day of March 2024, the Workers' Compensation Appeal Board's March 20, 2023 order is **AFFIRMED**.

_____
STACY WALLACE, Judge